United States District Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANUAL GRANT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-20-2685 |
| § | |
| JEFFERY RICHARDSON, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Danual Grant is an inmate in the Texas Department of Criminal Justice ("TDCJ"). Defendant Jeffery Richardson was, at all times relevant to this case, the Senior Warden of the TDCJ's Estelle Unit. Grant filed suit under 42 U.S.C. § 1983 alleging that Richardson was deliberately indifferent to inmate safety. He seeks monetary and injunctive relief.

Richardson has now moved to dismiss. Based on the pleadings, the motion, Grant's response, and the applicable law, the defendant's motion is granted in part for the reasons set out below.

**I.     Background**

At all times relevant to this case, plaintiff Danual Grant was housed in the Estelle Unit of the TDCJ. Grant alleges that, in 2020, Estelle Unit medical personnel administered insulin injections to diabetic inmates outside the bars in the Estelle Unit, exposing the inmates to Covid-19. He further alleges inmates were given inadequate cleaning supplies to minimize the spread of Covid, and that inmates who tested positive were housed in cell blocks with uninfected inmates. Defendant Richardson now moves to dismiss.

1

II. **Standard of Review**

A. **Rule 12(b)(1)**

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989).

B. **Rule 12(b)(6)**

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

2

### III. Analysis

The defendant argues that he is immune from suit for damages in his official capacity and that he did not violate Grant's rights.

#### A. Eleventh Amendment Immunity

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Because Richardson is a state official, this Court lacks subject matter jurisdiction over Grant's claims for money damages against him in his official capacity.

#### B. The Claims for Injunctive Relief

Grant also seeks an injunction requiring the defendant to comply with CDC guidelines for managing Covid. *Ex Parte Young*, 209 U.S. 123 (1908) allows for prospective injunctive relief against state officials in their official capacities. "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002).

Grant's complaint alleges inadequate protection against Covid in the early days of the pandemic. Both the Covid virus and our understanding of how best to prevent its transmission have evolved since then, and Grant pleads no facts showing that the defendant continues to

respond inadequately to Covid. He therefore fails to demonstrate any need for prospective relief, and his claim for injunctive relief is dismissed.

### C. Deliberate Indifference

Grant contends that the defendant violated his Eighth Amendment rights by failing to protect him from Covid-19.

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, . . . a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

*Farmer v. Brennan,* 511 U.S. 825, 834 (1994)(internal quotation marks and citations omitted). The official must also be deliberately indifferent to the risk of serious harm. "Deliberate indifference" is more than mere negligence, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

Grant's claim that the defendant was deliberately indifferent by allowing medical personnel to administer insulin to diabetic inmates outside the bars in the cell block fails. The defendant is the Senior Warden, not a medical provider, and Grant makes no showing that the defendant was aware of the procedures used by the medical providers or that those procedures may have placed inmates at risk.

4

Grant also complains that inmates were not given enough soap and bleach to sufficiently clean their living areas. The Fifth Circuit held that TDCJ Covid policy, including cleaning policy, met constitutional standards. *See Valentine v. Collier*, 978 F.3d 154, 163-64 (5th Cir. 2020). Grant does not allege that the cleaning supplies provided to inmates violated the TDCJ policy upheld in *Valentine*.

Grant also alleges, however, that the defendant knowingly allowed Covid-positive inmates to be housed with uninfected inmates. This does not appear to be consistent with the policy upheld in *Valentine*. *See id.* at 163 (noting that inmates who tested positive were placed in isolation and inmates who transferred into the unit were quarantined for 14 days). Richardson does not directly respond to this claim in his motion to dismiss. There is therefore no basis for dismissing this claim at this time.

### D. Qualified Immunity

Richardson argues that he is qualifiedly immune from Grant's claims. "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway*, 510 U.S. 510, 512 (1994). The Fifth Circuit has held that, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (internal quotation marks and citation omitted).

As discussed above, all of Grant's claims except his deliberate indifference claim regarding the housing of Covid-positive inmates with uninfected inmates are subject to dismissal

5

either on the merits or for lack of subject matter jurisdiction. There is no need to determine the issue of qualified immunity on those claims.

On the sole remaining claim, Richardson is not entitled to qualified immunity. The constitutional duty of prison officials to protect inmates from serious harm of which they have knowledge is well established. By the time of the events giving rise to this lawsuit, it was widely known that Covid was spread through airborne transmission. This fact is reflected in the TDCJ policy expressly upheld in *Valentine* and cited by Richardson, which required the use of cloth masks. Accepting Grant's allegations as true, as this Court must on a motion to dismiss, the Estelle Unit moved Covid-positive inmates into cell blocks with uninfected inmates, Richardson was made aware that this was happening through filed grievances, and Richardson did nothing to stop the practice. These allegations, if proven, could show that Richardson was deliberately indifferent to the risk that infected inmates would spread Covid to uninfected inmates. Richardson does not show that he is entitled to qualified immunity on this claim.

**IV.   Conclusion**

For the foregoing reasons, the defendant's motion to dismiss (Docket Entry No. 42) is **GRANTED** as to the claims it specifically contests. Grant's claims for damages against the defendant in his official capacity and Grant's claims for injunctive relief are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. All other claims except Grant's Eighth Amendment claim arising out of the housing of Covid-positive inmates with

uninfected inmates are **DISMISSED WITH PREJUDICE.** The Court will conduct further proceedings on the remaining claim.

SIGNED at Houston, Texas on August 28, 2023

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE